UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CLIFTON-BEAL,

        Plaintiff,

      v.

JASON SCHULTZ,

        Defendant.

Case No.  2:25-cv-3348-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action against California State Prison-Sacramento ("CSP-SAC") warden Jason Schultz.  He alleges that unnamed individuals have taken his mail from federal court and attempted to cover up the theft.  ECF No. 1 at 3.  The complaint, as articulated, is inadequate to proceed.  I will dismiss it with leave to amend and grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.    Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that unnamed individuals at CSP-SAC are taking his "federal court mail" and attempting to cover up the theft.  ECF No. 1 at 3.  Plaintiff offers no contextual allegations, such as the dates that mail was taken, which or how many individuals were responsible, or how, if at all, defendant Schultz is culpable.  He is reminded that there is no *respondeat superior* liability in a section 1983 action; Warden Schultz can be held liable only for his own action (or inaction). Plaintiff's complaint also contains vague and seemingly fanciful allusions to "diplomatic immunity" that should be explained.  *Id.*

I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity

2

to remedy these deficiencies.  Any amended complaint must be complete in itself and be titled "First Amended Complaint."  The amended complaint will entirely supersede the original.

Accordingly, it is ORDERED that:

1.    Within thirty days, plaintiff may file an amended complaint that addresses the deficiencies identified in this order.  If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    February 18, 2026    _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

3