UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES-CLIFTON BEAL, | Case No.  2:25-cv-3348-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JASON SCHULTZ, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel, brings this action alleging that defendants interfered with his mail and access to the courts.  ECF No. 15 at 3, 5.  I dismissed the previous complaint because it failed to state a cognizable claim.  The amended complaint suffers from the same deficiency.  I will dismiss the complaint and give plaintiff one final opportunity to amend.

Screening Order

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

The specifics of plaintiff's claims are difficult to understand.  He alleges that defendant A. Hubbard, a staff member at California State Prison-Sacramento, has refused to give him a copy of "court evidence." ECF No. 15 at 3.  He claims that Hubbard told him that he cannot have a copy "due to [his] race." *Id.*  These allegations are too vague to proceed.  Plaintiff has not identified what evidence Hubbard is allegedly withholding or how being denied access to it has harmed his access to the courts.  Additionally, plaintiff has not provided any context for this allegation, such as when it occurred, what Hubbard's role in controlling mail or court evidence is, or what Hubbard allegedly meant by his comment.

Next, plaintiff alleges that the "new [district attorney]" on his case says, "yes we do this." *Id.* at 4. Plaintiff alleges that this is a violation of the Racketeer Influenced and Corrupt Organizations Act. *Id.* As an initial matter, this claim is not intelligible. Additionally, district attorneys are generally not viable defendants in a section 1983 action. *See Garmon v. City of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016).

Finally, plaintiff claims that defendant Schultz did not "fix" his mail issues, but he offers no context for this claim. ECF No. 15 at 7. I cannot tell what specific mail issues he is referring to, or what Schultz's role in remedying these issues is or allegedly should be. He states that "all info" is in a separate electronic filing, dated December 17, 2025, *id.*, but there is no filing on that date. Moreover, a complaint must be complete in itself, without reference to other filings.

Plaintiff shall have one final opportunity to amend and remedy these deficiencies. He should file an amended complaint within thirty days of this order's entry. It must be submitted on the form included with this order and be titled "Second Amended Complaint." If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 15, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    May 4, 2026    

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE