UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES-CLIFTON BEAL,

Plaintiff,

v.

JASON SCHULTZ,

Defendant.

Case No. 2:25-cv-3348-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

On May 4, 2026, I dismissed plaintiff's amended complaint, ECF No. 15, with leave to amend. ECF No. 16. In that order, I directed plaintiff to file an amended complaint within thirty days and warned him that his failure to do so would result in a recommendation that this action be dismissed for failure to prosecute. *Id.* at 3. More than thirty days have passed, and plaintiff has not filed an amended complaint or submitted any other filing. Accordingly, I now recommend that this action be dismissed for failure to prosecute.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Plaintiff has failed to comply with my direction that he file an amended complaint. I warned him that failure to respond would result in a recommendation that this action be dismissed. ECF No. 16 at 3.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge.

Further, it is RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to prosecute for the reasons set forth in the May 4, 2026 order. *See* ECF No. 16.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE